UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK, N.A., SUCCESSOR TRUSTEE TO WACHOVIA BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA FUNDING CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-C<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>EMERALD RIDGE LANDSCAPE MAINTENANCE ASSOCIATION; SFR INVESTMENTS POOL I, LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. 2:15-cv-00117-MMD-PAL<br><br>( Def's Motion to Dismiss<br>– dkt. no. 19) |

**I.   SUMMARY**

Before the Court is Defendant Emerald Ridge Landscape Association's ("HOA") motion to dismiss ("Motion"). (Dkt. no. 19.) Plaintiff U.S. Bank, N.A. ("U.S. Bank") has filed a response (dkt. no. 25) and HOA has filed a reply (dkt. no. 31). For the reasons discussed below, the Motion is denied.

**II.   BACKGROUND**

The following facts are taken from the Complaint. Ernie Alcaraz ("Borrower") obtained a loan ("the Loan") secured by a first deed of trust (First DOT") on his property ("the Property"). (Dkt. no. 1 at 4.) The First DOT was subsequently assigned to U.S.

Bank. (*Id.*) The Borrower defaulted on the Loan and U.S. Bank began the process of foreclosure and intends to foreclose under the First DOT. (*Id.*)

In the meantime, Borrower failed to pay HOA's fees due to it. (*Id.*) On February 4, 2011, HOA recorded a notice of delinquent assessment, followed by a notice of default and election to sale, and a notice of trustee's sale. (*Id.*) The various notices state the amount due to HOA, including fees, interests and costs, but not the amount of the purported superpriority lien amount. (*Id.* at 4-5.) On March 25, 2011, Bank of America, N.A. ("Servicer"), the service of the Loan, attempted to obtain the superpriority lien amount and tendered what it calculated to be the superpriority lien amount to HOA, who refused Servicer's tender. (*Id.* at 5-6.)

HOA foreclosed on the Property on August 21, 2014. (*Id.*) SFR Investments Pool I ("SFR") purchased the Property. (*Id.*) U.S. Bank initiates this action against HOA and SFR. U.S. Bank asserts a claim for declaratory relief seeking to quiet title against both HOA and SFR. HOA moves for dismissal.

**III.    DISCUSSION**

    **A.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

**B.   Analysis**

HOA argues that the Complaint fails to state a claim for declaratory relief because of a lack of justiciable controversy between the parties, the parties' positions are not adverse and the foreclosure sale has rendered any issue moot.[1] (Dkt. no. 19.) U.S. Bank argues that HOA conflates justiciability with the merits, the parties' positions are adverse and the issue is ripe. (Dkt. no. 25.) The parties also dispute whether U.S. Bank has stated a claim for quiet title.

The parties' arguments must be viewed in the context of recent developments in Nevada law relating to homeowners' association liens. Under NRS § 116.3116, a homeowners' association can establish a "lien on a unit for . . . any assessment levied against that unit or any fines imposed against the unit's owner from the time . . . the assessment or fine becomes due." NRS § 116.3116(1). Section 116.3116 further provides that such a lien "is prior to all other liens and encumbrances on a unit except," among other categories of liens, "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." NRS § 116.3116(2)(b). The statute, however, contains an exception to this exception, allowing a

---

[1] HOA also argues that declaratory relief is a remedy. (Dkt. no. 19 at 5-6.) The Court agrees with U.S. Bank that it has stated a valid claim for declaratory relief, and not just asserting declaratory relief as a remedy.

3

1  homeowners' association to establish a lien that takes priority over a first security
2  interest for unpaid assessments over a 9 months period preceding the enforcement of
3  the lien. NRS § 116.3116.[2]

4  In 2014, the Nevada Supreme Court ruled that NRS § 116.3116 creates a "true
5  superpriority lien" for 9 months of unpaid homeowners' association assessments and
6  certain charges. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev.
7  2014) (en banc). Accordingly, the court further held, a nonjudicial foreclosure of a
8  homeowners' association lien under NRS § 116.3116 would extinguish any first deed of
9  trust, so long as certain statutory notice requirements are followed. *See id.* at 411-17.

10 Under Nevada law, a party asserting a declaratory relief claim must satisfy the
11 following conditions: (1) a justiciable controversy exists between two parties with adverse
12 interests, (3) the party seeking declaratory relief must have an interest in the
13 controversy, and (4) the issue in the case must be ripe for judicial determination. *County*
14 *of Clark, ex. Rel., Univ. Med. Ctr. v. Upchurch,* 961 P.2d 754, 757 (Nev. 1998). U.S.
15 Bank's Complaint satisfies these conditions.

16 First, U.S. Bank claims that Servicer tendered 9 months of assessment, which
17 HOA refused presumably because the amount did not satisfy its lien. This dispute
18 creates a justiciable controversy between the parties in that U.S. Bank claims, which
19 HOA disputes, that U.S. Bank satisfied its obligation to protect against HOA's foreclosure
20 but HOA improperly proceeded with foreclosure. The dispute as to the amount of
21 assessment to be paid to satisfy HOA's lien to avoid extinguishment of the First DOT —
22 the 9 months of unpaid assessment (superpriority portion of the lien) as U.S. Bank
23 claims or the amount of assessments that HOA asserted were due — shows the parties'
24 interests are adverse. Finally, HOA's foreclosure does not render the issue moot. U.S.
25 Bank's claim is premised on the foreclosure being improper because HOA refused to
26 identify the amount of the superpriority portion of the lien, failed to comply with other

---

[2]Section 116.3116 was amended and reorganized in 2015. *See* 2015 Nev. Stat. 1331, 1334. The statute retains the exceptions described above, but creates a separate subsection (NRS § 116.3116(3)). NRS § 116.3116(3).

notice requirements and ignored Servicer's tender of the 9 months of unpaid assessments. Accepting these allegations as true, U.S. Bank has demonstrated that the issue is ripe for judicial determination.

The Court also agrees with U.S. Bank that the issue presented in its quiet title action claim is whether the HOA foreclosure sale extinguished U.S. Bank's First DOT. Again, accepting U.S. Bank's allegations as true, HOA improperly foreclosed to extinguish U.S. Bank's First DOT without complying with Nevada's notice requirements and allowing U.S. Bank to tender 9 months of assessments.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant Emerald Ridge Landscape Association's motion to dismiss (dkt. no. 19) is denied.

DATED THIS 31st day of March 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE