UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK, N.A., SUCCESSOR TRUSTEE TO WACHOVIA BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA FUNDING CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-C,<br><br>Plaintiff,<br>v.<br><br>EMERALD RIDGE LANDSCAPE MAINTENANCE ASSOCIATION; SFR INVESTMENTS POOL I, LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-00117-MMD-PAL<br><br>ORDER<br><br>(Counter-Cl.'s Motion for Partial Summary Judgment – ECF No. 61; Counter-Cl.'s Motion for Summary Judgment – ECF No. 62; Counter-Cl.'s Motion for Reconsideration – ECF No. 66; Def.'s Joinder in Counter-Cl.'s Motion for Reconsideration – ECF No. 69) |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter-Claimant,<br>v.<br><br>U.S. BANK, N.A., SUCCESSOR TRUSTEE TO WACHOVIA BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA FUNDING CORPORATION, MORTGAGE PASS-THROUGH, SERIES 2004-C, a national association; ERNIE J. ALCARAZ, an individual,<br><br>Counter-Defendants/Cross-Defendants. | |

**I.    SUMMARY**

Before the Court are SFR Investments Pool 1, LLC's ("SFR") Motion for Partial Summary Judgment (ECF No. 61), Motion for Summary Judgment (ECF No. 62), and

Motion for Reconsideration (ECF No. 66). The Court has reviewed U.S. Bank, N.A.'s ("U.S. Bank") responses to SFR's motions (ECF Nos. 68, 70, 71). The Court has also reviewed Emerald Ridge Landscape Maintenance Association's ("HOA") response to SFR's Motion for Summary Judgment (ECF No. 73) and joinder to SFR's Motion for Reconsideration (ECF No. 69). Additionally, the Court has reviewed all of SFR's replies (ECF Nos. 72, 74, 75).

For the reasons discussed below, the Court denies SFR's motions. U.S. Bank asks the Court to reaffirm its prior ruling to dispose of the case in favor of U.S. Bank. (ECF No. 71 at 10.) The Court agrees that U.S. Bank is entitled to equitable relief.

## II. BACKGROUND

The relevant facts in this case are, for the most part, undisputed. Ernie Alcaraz ("Borrower") obtained a loan ("the Loan") secured by a first deed of trust ("First DOT") on his property ("the Property"). (ECF No. 1 at 3.) The First DOT was subsequently assigned to U.S. Bank. (*Id.*) The Borrower defaulted on the Loan, and U.S. Bank began the process of foreclosure and intends to foreclose under the First DOT. (*Id.* at 3-4.) In the meantime, Borrower failed to pay the HOA's fees due to it. (*Id.* at 4.) On February 4, 2011, the HOA recorded a notice of delinquent assessment, followed by a notice of default and election to sale, and a notice of trustee's sale. (*Id.*) The various notices state the amount due to the HOA, including fees, interests and costs, but not the amount of the purported superpriority lien. (*Id.* at 4-5.) On March 25, 2011, Bank of America, N.A. ("Servicer"), the servicer of the Loan, attempted to obtain the superpriority lien amount and tendered what it calculated to be the superpriority lien amount to the HOA, who refused Servicer's tender. (*Id.* at 5-6.)

The HOA foreclosed on the Property on August 21, 2014. (*Id.* at 6.) SFR purchased the Property for $30,000. (*Id.*)

## III. SFR'S MOTIONS FOR SUMMARY JUDGMENT

The Court addresses both SFR's Motion for Partial Summary Judgment (ECF No. 61) and SFR's Motion for Summary Judgment (ECF No. 62) simultaneously. The Court

does not consider either motion with respect to Cross-Defendant Alcaraz because the Clerk of Court has entered a default judgment against him. (ECF No. 67.)

### A. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment: "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to

testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

### B. Discussion

#### 1. *Bourne Valley*

SFR argues in its Motion for Partial Summary Judgment that returning to the notice scheme in the 1991 version of NRS § 116.3116 *et. seq.* is consistent with the Ninth Circuit Court of Appeals' recent holding in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). (ECF No. 61 at 6-14.) In *Bourne Valley*, the Ninth Circuit held that the opt-in notice scheme established in NRS § 116.3116 *et seq.*[1] ("Statute") is facially unconstitutional because it requires a lender with a first position deed of trust to affirmatively request notice of a homeowner's association's ("HOA") intent to foreclose, violating the lender's due process rights. 832 F.3d at 1156. The Ninth Circuit made this decision in light of the Nevada Supreme Court's decision in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 412 (Nev. 2014), in which the state supreme court interpreted the Statute to give an HOA a "superpriority" lien on a homeowner's property for up to nine months of unpaid HOA dues that, when foreclosed upon, extinguished all junior interests in the property. *See Bourne Valley*, 832 F.3d at 1156-57. Thus, the Ninth Circuit found that enactment of the Statute's opt-in notice scheme "unconstitutionally degraded [the first position lienholder's] interest" and that but

///

---

[1] The *Bourne Valley* court referred to NRS § 116.3116 *et seq.* as "the statute." 832 F.3d at 1156. Sections 116.3116 through 116.3117 create the framework by which HOAs may foreclose on their liens through a nonjudicial sale.

4

for this scheme the first position lienholder's rights in the property would not be extinguished. *Id.* at 1160.

### 2. Return to Notice Scheme in 1991 Version of NRS § 116.3116 *et seq.*

SFR argues that the notice scheme should return to that embedded in the 1991 version of the statute if the Court follows *Bourne Valley's* ruling. (ECF No. 61 at 6-14.) The Court disagrees. In 1993, the Nevada legislature added or altered the relevant notice provisions overturned by the Ninth Circuit Court of Appeals in its *Bourne Valley* decision, specifically NRS §§ 116.31163, 116.311635, and 116.31168. *See Bourne Valley,* 832 F.3d at 1158-1160. The 1991 version of the statute includes an ostensible "notice scheme" that is predominantly located in NRS § 116.31168 ("1991 Statute"). This provision states:

> The provisions of NRS 107.090 apply to the foreclosure of an association's lien as if a deed of trust were being foreclosed. The request must identify the lien by stating the names of the unit's owner and the common-interest community. *The association must also give reasonable notice of its intent to foreclose to all holders of liens in the unit who are known to it.*

A.B. 221, 1991 Nev. Stat., ch. 245, § 104, at 570-71 (emphasis added). The last sentence regarding reasonable notice was then removed by the 1993 amendments.[2] A.B. 612, 1993 Nev. Sta., ch. 573, § 40, at 2373. Thus, SFR argues that a return to the 1991 Statute requires the Court to determine whether the HOA gave reasonable notice of its intent to foreclose to all lienholders of the unit that were known to it at that time, meaning all recorded lienholders. (*See* ECF No. 66 at 10.) But the 1991 Statute suffers from constitutional infirmities similar to those that plagued the opt-in notice scheme adopted by the 1993 amendments. Consequently, the provision would be ripe for another Fourteenth Amendment challenge if the Court were to analyze the HOA's actions under the 1991 Statute. (*See* ECF No. 70 at 9-12.)

Nevada law does lend support to SFR's argument that where a statute is found to be unconstitutional, it is as if the statute was never passed. *See Nev. Power Co. v. Metro.*

---

[2] Sections 116.31163 and 116.311635 were created in the 1993 amendments. A.B. 612, 1993 Nev. Stat., ch. 573, § 40, at 2354-55.

*Dev. Co.*, 765 P.2d 1162, 1163-64 (Nev. 1988) ("null and void ab initio," "of no effect, affords no protection, and confers no rights"). However, the Court declines to analyze the HOA's actions under the purported notice scheme in the 1991 Statute. To begin, there is no clear rule or case law requiring this Court to definitively hold that the 1991 Statute's final sentence contains the notice requirement applicable to first position lienholders during the time period of 1993 to 2015. Secondly, even if the Court were to accept that the final sentence of the 1991 Statute is the proper standard by which to analyze whether U.S. Bank received adequate notice, the Court finds that this provision is ripe for constitutional consideration. Therefore, analyzing the facts of this case under the 1991 Statute would require the Court to entertain another set of due process challenges, which is inconsistent with established precedent holding that courts ought to construe statutes so as to avoid constitutional infirmities. *See Clark v. Martinez*, 543 U.S. 371, 380-81 (2005) ("[W]hen deciding which of two plausible statutory constructions to adopt, a court must consider the necessary consequences of its choice. If one of them would raise a multitude of constitutional problems, the other should prevail . . . ."). Thus, to avoid further constitutional challenges here, the Court declines to apply the 1991 Statute to the facts of this case, as it is not clear that the legislature created the 1991 version of the statute or passed the particular amendments in 1993 with first position lienholders like U.S. Bank in mind.[3]

Accordingly, SFR's Motion for Partial Summary Judgment is denied.

### 3. **Effect of Foreclosure Sale**

SFR argues that the foreclosure sale extinguished U.S. Bank's First DOT because U.S. Bank cannot produce evidence that the foreclosure sale is invalid, because U.S. Bank

---

[3]In fact, a stated purpose of the 1993 amendments was to provide fairer notice to owners of units in common-interest communities who were delinquent in association assessments. A.B. 612, Summary of Legislation, 67th Sess., at 27 (Nev. 1993), https://www.leg.state.nv.us/Division/Research/Library/LegHistory/LHs/1993/AB612,1993.pdf. A stated purpose of the section creating the opt-in notice scheme in the 1993 amendments was to give an individual like a lessee of a unit notice where the lessee otherwise did not have notice that the property was to be foreclosed upon. *Id.* at 37. But, more generally, the purpose of the amendments was to correct technical errors in the 1991 version of the law. *Id.* at 49.

received actual notice, because the sale was commercially reasonable, and because SFR was a bona fide purchaser. (ECF No. 62 at 10-11, 13, 19.) In light of *Bourne Valley*, the Court disagrees. SFR's arguments are premised on factual disputes, and factual disputes are immaterial here. "The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions." *Bank of Am., N.A. v. Regency Vill. Owner's Ass'n, Inc.*, No. 216-cv-00496-GMN-CWH, 2017 WL 3567520, at *3 (D. Nev. Aug. 17, 2017). The Ninth Circuit held that the Statute was unconstitutional on its face, i.e., "in each and every application." *Id.* Thus, "no conceivable set of circumstances exists under which the provisions would be valid." *Id.* Even if U.S. Bank received actual notice, it still suffered a deprivation of its constitutional due process rights because the sale proceeded under an unconstitutional statute.

### 4. Equitable Relief

"At common law, courts possessed inherent equitable power to consider quiet title actions, a power that required no statutory authority." *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1111 (Nev. 2016) (internal citation omitted); *see also Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 718 (5th Cir. 1951) (An action for quiet title "is a purely equitable proceeding."). Thus, equitable relief may be granted in defective HOA lien foreclosure sales. *Shadow Wood,* 366 P.3d at 1107 ("We . . . reaffirm that, in an appropriate case, a court can grant equitable relief from a defective HOA lien foreclosure sale."). Equitable relief powers are broad. *Brown v. Plata*, 563 U.S. 493, 538 (2011) ("[T]he scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies.") (internal quotation marks and citation omitted). A court granting equitable relief should weigh the equities involved, including equity to the public. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("As always when federal courts contemplate equitable relief, our holding must also take account of the public interest.").

///

The Court finds that the most equitable remedy under the circumstances here is to declare that U.S. Bank's First DOT still encumbers the Property, a holding consistent with U.S. Bank's requested relief and the ruling in *Bourne Valley*.[4] This remedy is equitable with respect to the parties in this case as well as to the general public. As to U.S. Bank, this declaration remedies the injury it suffered as a result of the unconstitutional opt-in notice scheme, namely the extinguishment of its lien on the Property. As to the HOA, this remedy allows the sale to remain intact, thereby ensuring that the delinquent assessments for which the HOA foreclosed upon the Property remain satisfied.[5] As to SFR, this result is equitable because the purchase of the Property entailed a risk that the statutory framework that enabled the HOA to sell the Property at such a discounted price would be found to be unconstitutional (as litigation challenging the constitutionality of the opt-in notice scheme in federal and state court had already begun). As to the general public, this remedy is equitable because it preserves market stability.

SFR argues that the Court cannot grant equitable relief because an adequate remedy at law exists. SFR argues the Court should award money damages to U.S. Bank against the HOA (ECF No. 62 at 12), but the Court disagrees. Imposing money damages on the HOA would leave SFR with the benefit of the foreclosure sale (the Property) and none of the burden (liability for U.S. Bank's First DOT). Instead, the HOA would bear the burden of *Bourne Valley*'s ruling. SFR has offered no justification for segregating the benefit and burden of the invalid foreclosure sale—nor could such a scenario be equitable here.

SFR further argues that the foreclosure sale vested title in SFR without equity or right of redemption, precluding the Court from declaring valid U.S. Bank's First DOT. But

---

[4]U.S. Bank did not separately move for summary judgment, but it did ask the Court to re-affirm its prior ruling and grant judgment in its favor. (ECF No. 71 at 10.) Moreover, SFR has had the opportunity to fully present arguments in favor of quieting title to SFR and against U.S. Bank.

[5]If the Court were to invalidate the sale, the HOA would face the additional difficulty and expense of tracking down Mr. Alcaraz. Moreover, the HOA would have to foreclose upon the Property once again in order to satisfy the nine months of delinquent assessments in the event Mr. Alcaraz declined to cure the default.

this argument is beside the point. Equity and right of redemption are not at issue because the foreclosure sale did not extinguish U.S. Bank's First DOT. Moreover, the support SFR cites for this argument presumes the occurrence of a proper and lawful foreclosure sale. In *SFR Investments Pool 1*, the first case SFR cites, the Nevada Supreme Court assumed that the foreclosure sale proceeded under a constitutional statute. *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 417 (Nev. 2014), *holding modified by Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017). In *Bldg. Energetix Corp.*, the second case SFR cites, the court specifically found that the foreclosure sale was valid before considering the right of redemption. *Bldg. Energetix Corp. v. EHE, LP*, 294 P.3d 1228, 1233 (Nev. 2013) ("Therefore, we conclude that the 2008 foreclosure sale was valid."). In *Golden*, the third case SFR cites, the rule the court articulated is conditioned on the occurrence of a proper and lawful sale—not one conducted under a facially unconstitutional statute. *Golden v. Tomiyasu*, 387 P.2d 989, 997 (Nev. 1963) ("*If the sale is properly, lawfully and fairly carried out*, he cannot unilaterally create a right of redemption in himself.") (emphasis added).

SFR further argues that U.S. Bank's lis pendens must be expunged, but this argument is predicated on the Court granting summary judgment in favor of SFR. (ECF No. 62 at 24-25.) The Court does not order expungement of U.S. Bank's lis pendens because the Court denies SFR's Motion for Summary Judgment.

**IV.   SFR'S MOTION TO RECONSIDER**

SFR urges the Court to reconsider its Order (ECF No. 57) granting summary judgment in favor of U.S. Bank on the issue of tender. The Court declines to reconsider its Order because the parties' arguments about tender are moot in light of *Bourne Valley*. Factual disputes—such as whether U.S. Bank failed to tender—are immaterial here because the sale proceeded under a facially unconstitutional statute. *See supra* Section IV(C).

///

///

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Counter-Claimant SFR's Motion for Partial Summary Judgment (ECF No. 61) is denied.

It is further ordered that Counter-Claimant SFR's Motion for Summary Judgment (ECF No. 62) is denied.

It is further ordered that Counter-Claimant SFR's Motion for Reconsideration (ECF No. 66) and Defendant HOA's joinder (ECF No. 69) are denied.

The Clerk is instructed to enter judgment in favor of U.S. Bank on both its quiet title claim and SFR's quiet title counter-claim.

The Clerk is further instructed to close this case as resolution of the parties' quiet title claims render their other claims moot.

DATED THIS 29th day of September 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE